UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-CR-477(2) (LMP/JFD)

UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )        **DEFENDANT'S MOTION TO**
                                   )        **SUPPRESS EVIDENCE AND**
      v.                           )        **DISMISS THE INDICTMENT**
                                   )        **UNDER THE FOURTH AND**
REKEYA LIONESHA FRAZIER,           )        **FIFTH AMENDMENTS**
                                   )
            Defendant.             )

The defendant, Rekeya Frazier, by and through her attorney, respectfully moves

the Court, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, to suppress all

evidence obtained as a result of her warrantless stop and seizure on December 10, 2025.

Ms. Frazier contends the Government violated her Fourth Amendment right to be free

from unlawful seizure, and her Fifth Amendment right to due process.

On December 10, 2025, unmarked and unidentified federal officers targeted co-

defendant Bamigboye and attempted to arrest him without a warrant. Ms. Frazier was in

the driver's seat of her Jeep SUV when a federal agent, without a warrant and without

probable cause, entered her vehicle, interfered with her operation of the vehicle, and

ordered her to stop. At no time did he identify himself. Ms. Frazier was afraid for her life

and drove to her local police station, informing the unidentified man in her passenger seat

that she was headed there. During the drive to the police station, the man pulled a gun

and aimed it at her head while she was driving. While he had his loaded gun trained on

1

her, his associates rammed her car from behind. Ms. Frazier is lucky the officer did not accidentally fire the weapon when the car was struck. Ms. Frazier never had a weapon.

Upon arrival at the police station, Ms. Frazier was ordered out of the vehicle and then forcibly removed from the vehicle without an arrest warrant or probable cause. She was seized and taken into custody. The burden is on the government to prove that constitutionally sufficient information supported Ms. Frazier's warrantless stop, seizure, and arrest. *See United States v. Williams*, 616 F.3d 760, 765 (8th Cir. 2010) (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971)).

Ms. Frazier's Fourth Amendment rights were violated by the stop and seizure of her vehicle and her person. The law of investigatory stops is based on whether the officer's actions were justified and whether their subsequent actions were related to the initial stop. *Terry v. Ohio*, 392 U.S. 1 (1968). Here, the officer had no constitutional basis for entering Ms. Frazier's vehicle, interfering with her driving, or forcing her to stop. There was no warrant of any kind, no probable cause, no exigent circumstances, and no constitutional justification. She was not even suspected of committing a crime at the time the officer entered her vehicle. And neither did the officer have any constitutional or other justification for forcing her to stop, seizing her vehicle and arresting her.

Ms. Frazier's Fifth Amendment rights to due process were violated when the officers were violated when she was deprived of her liberty without justification or fair procedure. There was no warrant for her arrest and she had not committed a crime when the officer attempted to take control of her vehicle and later took control of her body.

Further, the officers' shocking conduct of pointing a gun at her and ramming her car flagrantly deprived her of her due process rights under the Fifth Amendment.

Ms. Frazier has standing to challenge the stop and seizure because she had an ownership interest and a legitimate expectation of privacy in the vehicle which was violated by the unlawful stop and seizure. *United States v. Lyton*, 161 F.3d 1168, 1170 (8th Cir. 1998). *See also United States v. Muhammad*, 58 F.3d 353, 354 (8th Cir. 1995); *United States v. Gomez*, 16 F.3d 256, 255 (8th Cir. 1994); *United States v. Durant*, 730 F.2d 1180, 1182 (8th Cir. 1984).

A case on point here is *United States v. Quinitanilla-Chavez* where officers without an arrest or search warrant broke into the defendant's car based on a suspicion that he was not a United States National. *United States v. Quintanilla-Chavez,* 807 F.Supp. 641 (2025). In *Quintanilla-Chavez*, the officers falsely claimed to have stopped and breached the vehicle based on expired license plates, but that turned out not to be true. *Id*. at 651. There, the officers cornered the defendant, and an officer smashed his arm through the window of the car, then blamed the defendant for his injuries. The court in *Quintanilla-Chavez* agreed the conduct in that case was unconstitutionally excessive force. *Id.* at 667. Here, pointing the gun at Ms. Frazier and ramming her car certainly qualify as excessive force.

The court in *Quintanilla-Chavez* dismissed the indictment because the officers' "conduct was 'so shocking to the universal sense of justice' that it should be deprived of the opportunity to prosecute the defendant." *Id.* at 671. The court concluded that the

"indictment offends due process." *Id.* Ms. Frazier asks this Court to dismiss the indictment in this case for the same reason.

Ms. Frazier respectfully requests the Court suppress all video recordings and officer statements and any other evidence related to this case based on the unlawful actions of the federal officers.

Ms. Frazier respectfully requests an evidentiary hearing in this matter.

Dated:  May 15, 2026

Respectfully submitted,

*s/ Jean M. Brandl*

_____
JEAN M. BRANDL
Attorney ID No. 0387260
Attorney for Ms. Frazier
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415