UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-CR-477(2) (LMP/JFD)


UNITED STATES OF AMERICA, )
                          )
           Plaintiff,     )      DEFENDANT'S REPLY TO
                          )      GOVERNMENT'S RESPONSE TO
      v.                  )      DEFENDANT'S MOTION TO
                          )      DISMISS INDICTMENT FOR
REKEYA LIONESHA FRAZIER,  )      FAILURE TO STATE AN
                          )      OFFENSE
           Defendant.     )
                          )


The defendant, Rekeya Frazier, by and through her attorney, respectfully continues to move the court for an order dismissing the indictment in the above-entitled matter on the grounds that it fails to allege all the essential elements of the offense and fails to state an offense against the United States.

An indictment is "legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs a defendant of the charges against which [s]he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution." *United States v. Fleming,* 8 F.3d 1264, 1265 (8th Cir. 1993). The starting point for the Court to analyze this issue is "interpreting the language of the statute itself." *United States v.*

*Jungers*, 702 F.3d 1066, 1069 (8th Cir. 2013). Specifically, Ms. Frazier alleges the charged offense in the indictment does not cover her conduct because there is no allegation of another intended felony offense, which is required as an element of the offense charged. *See United States v. Flute*, 929 F.3d 584, 586 (8th Cir. 2018).

In its response to Ms. Frazier's Motion for the Government to File a Bill of Particulars, the Government did file a Bill of Particulars (ECF 63), but the document fails to show what particular "other felony" was intended to be committed, as set forth in the Indictment. (Doc. 18).

The Indictment states Ms. Frazier and Mr. Bamigboye, "each aiding and abetting the other, did forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated in Title 18, United States Code, Section 1114, namely a federal law enforcement special agent from the Department of Homeland Security Investigations, while such person was engaged in, and on account of the performance of, official duties, and the defendants' acts involved physical contact with the victim and the intent to commit another felony…" (ECF 18). Nowhere in the Indictment is there a statement or showing of a felony that Ms. Frazier was "intending to commit."

The Bill of Particulars submitted by the Government states that the unmarked, unidentified men in plain clothes identified themselves to Ms. Frazier. This is not true, and no agent testified at the hearing in this matter to state otherwise. Further, even if they identified themselves to Mr. Bamigboye, Ms. Frazier was outside the car on the driver's side while Mr. Bamigboye was on the passenger side. Ms. Frazier was never approached and no agent ever identified himself to her. She did not know the men were federal agents and the Government did not put anyone on the stand at the hearing to confirm the Government's position that the agents identified themselves.

In fact, Ms. Frazier was scared, entered the driver's side of her vehicle, and drove away to obtain safety at the local police station. An unidentified man jumped into her passenger front seat as she was driving away. He told her to stop and tried to slam her vehicle into park to force her to stop, however, she was scared of the man and continued to drive to safety at the Plymouth Police Station. Ms. Frazier never knew who the man was until after she was arrested. He never showed any form of identification, he never had a badge or other indicia of law enforcement, so there is no way she could have known who was in the car with her. The

Bill of Particulars does not clarify this issue. No agent ever testified at the hearing to confirm the government's version of events.

Further, the Bill of Particulars fails to state another "felony" that Ms. Frazier was intending to commit. This has been the shortfall of the indictment since day one, and the Bill of Particulars still does not answer the question.

The Government argues in its Consolidated Response to Defendants' Pretrial Motions (ECF 56) that "Ms. Frazier fled from law enforcement; aided her co-defendant in attempting to evade arrest, forcibly prevented the agent inside the vehicle from stopping the car, and unlawfully carried the agent away while he was in the vehicle." (ECF 56, p. 3). The Government never put an agent on the stand to verify any of this information. Further, there was no evidence presented that Ms. Frazier was aiding and abetting her co-defendant in any way, and certainly no evidence that Ms. Frazier was trying to commit any of the crimes stated by the Government. She did not attempt to *flee* law enforcement because she did not know they were law enforcement and they were *in* the car, so how could she have been fleeing from them by driving? She did not attempt to *evade* law enforcement because she did not know they were law enforcement, but in any case, how could she evade them when they were

4

already in the car? Finally, the Government argues she was committing a crime by preventing the officer from stopping or leaving. There is no evidence she prevented him from stopping or leaving, but more importantly, the Government cannot have it both ways. Was she evading and fleeing or was she keeping the agent in the car. These mutually conflicting theories simply prove that Ms. Frazier was not committing a crime, and even the government has no idea what felony she was "intending to commit."

Ms. Frazier has no idea how to defend herself at trial and will be surprised and prejudiced if the Government comes to trial with a secret theory of the case. *United States v. Stephenson,* 924 F.2d 753, 762 (8th Cir.). Ms. Frazier continues to request the Court dismiss the indictment for failure to state an offense. She had no idea she was in a car with a federal agent, and even the government does not seem to have a theory about what felony she was intending to commit.

Ms. Frazier asks the Court to dismiss the indictment for failure to state an offense.

5

Dated:   July 22, 2026   Respectfully submitted,

            *s/ Jean M. Brandl*

            JEAN M. BRANDL
            Attorney ID No. 0387260
            Attorney for Ms. Frazier
            107 U.S. Courthouse
            300 South Fourth Street
            Minneapolis, MN 55415