| United States of America, | Court File No. 25-cr-477 (LMP/JFD) |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT'S POST-HEARING MEMORANDUM SUPPORTING MOTION TO SUPPRESS** |
| Oluwadamilola Bamigboye, | |
| Defendant. | |

Defendant Oluwadamilola Bamigboye entered the United States lawfully on a student visa, eventually completing his B.S. in accounting at McNeese State in Louisiana in 2023. Mr. Bamigboye then applied for an EB-3 visa to begin working for McDonald's Corporation, which had officially sponsored him for a skilled employment-based green card. On December 10, 2025, ICE agents nonetheless accosted and arrested Mr. Bamigboye. According to the government's recently filed Bill of Particulars, the agents "attempted to apprehend Mr. Bamigboye because he had overstayed a student visa." ECF No. 63 at 2. It is undisputed that these agents had neither an administrative nor a judicial warrant to effectuate Mr. Bamigboye's arrest. Absent such a warrant, Mr. Bamigboye was well within his constitutional rights to ignore their questions and drive away.

Even crediting the government's allegation that the agents seized Mr. Bamigboye because he had overstayed a visa – an allegation unsupported by any testimony at the hearing on this motion – such civil immigration issues do not provide probable cause for a warrantless arrest. In *Parada v. Anoka County*, 332 F. Supp. 3d 1229, 1243 (D. Minn.

2018), the court stated: "It is clearly established that a warrantless arrest must be supported by probable cause of criminal activity, that unlawful presence is not a crime, and that an immigrant's possible removability is insufficient to give rise to probable cause." *See also Orellana v. Nobles Cnty.*, 230 F. Supp. 3d 934, 945 (D. Minn. 2017)*, (explaining that "contrary to Defendants' argument, having 'reason to believe [that Orellana] is an alien subject to removal from the United States' does not, without more, provide the probable cause needed to make a lawful arrest"); *c.f., Brinegar v. United States,* 338 U.S. 160, 175 (1949) ("The substance of all the definitions of probable cause [under the Fourth Amendment] is a reasonable ground for belief of guilt.") (internal quotation omitted); *Carroll v. United States*, 267 U.S. 132, 157 (1925) (defining "probable cause" under the Fourth Amendment as when "'the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing that the offense has been committed'") (quoting *Stacey v. Emery*, 97 U. S. 642, 645 (1878)).

The Supreme Court has explained: "If the police stop someone based on nothing more than possible removability, the usual predicate for an arrest is absent. When an alien is suspected of being removable, a federal official issues an administrative document called a 'Notice to Appear.' The form does not authorize an arrest. Instead, it gives the alien information about the [removal] proceedings, including the time and date of the removal hearing." *Arizona v. United States*, 567 U.S. 387, 407 (2012) (internal citation omitted). Here, Mr. Bamigboye did not receive a Notice to Appear until December 17, 2025, a week after his arrest. *See* Def. Ex. 1.

In short, the ICE agents lacked the legal authority to seize Mr. Bamigboye without a warrant, and that seizure violated the Fourth Amendment. The government contends, nonetheless, that 8 U.S.C. § 1357(a)(2) authorized Mr. Bamigboye's arrest. That statute provides that ICE agents have the power to effect a warrantless arrest of:

- "any alien who in [the agent's] presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens," or

- "any alien in the United States, if [the agent] has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest . . ."

*See also Arizona v. U.S.*, 567 U.S. at 408 ("If no federal warrant has been issued, [immigration] officers have more limited authority. They may arrest an alien for being in the United States in violation of any immigration law or regulation, for example, but only where the alien is likely to escape before a warrant can be obtained.") (internal quotations omitted).

"[B]ecause the Fourth Amendment applies to arrests of illegal aliens, the term 'reason to believe' in § 1357(a)(2) means constitutionally required probable cause." *United States v. Quintana,* 623 F.3d 1237, 1239 (8th Cir. 2010). In short, the statute authorizes two categories of warrantless arrests: (1) where an agent observes a person illegally enter the United States; (2) where an agent has probable cause to believe that a person is not lawfully present in the United States and is likely to escape before an arrest warrant can be obtained. The agents' arrest of Mr. Bamigboye does not fall within either of the categories of warrantless arrest authorized by 8 U.S.C. § 1357(a)(2).

First, there is no dispute that Mr. Bamigboye entered the United States lawfully pursuant to a properly obtained student visa. The language in 8 U.S.C. § 1357(a)(2) regarding unlawful entry does not apply to him.

Second, even accepting the government's contention that Mr. Bamigboye had overstayed his student visa and lacked a lawful basis to remain in the United States, when the agents seized Mr. Bamigboye they lacked probable cause to conclude that he was "likely to escape before a warrant [could] be obtained for his arrest." The government bears the burden of proof by a preponderance of the evidence that probable cause existed to support the ICE agents' warrantless seizure of Mr. Bamigboye. *E.g., United States v. Golden*, 418 F. Supp. 3d 416, 418 (D. Minn. 2019) ("Because the officers lacked a warrant, the government bears the burden of establishing that the seizure and search were lawful."). The government did not call the arresting agents or any other witnesses at the motion hearing in this case. No evidence, let alone a preponderance of the evidence, suggests that the agents had probable cause to believe Mr. Bamigboye was "likely to escape before a warrant [could] be issued for his arrest," as section 1357(a)(2) requires.

Because the agents' warrantless seizure of Mr. Bamigboye violated the Fourth Amendment, the evidence adduced pursuant to this seizure, including Mr. Bamigboye's statement to Agent Getsch, as well as the statements of the HSI agents involved, and all other evidence and fruits of the investigation, should be suppressed.

For these reasons, and those stated in Defendant's Motion to Suppress, ECF No. 53, Defendant respectfully requests that the Court grant his Motion.

Respectfully submitted,

DATED: July 22, 2026

<u>*/s/ Kevin C. Riach*</u>
Kevin C. Riach, #389277
125 Main St. SE, Suite 339
Minneapolis, MN 55412
Telephone: 612.203.8555
kevin@riachdefense.com
**ATTORNEY FOR DEFENDANT**