UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-CR-477 (LMP/JFD)

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. OLUWADAMILOLA BAMIGBOYE
2. REKEYA LIONESHA FRAZIER,

Defendant.

**GOVERNMENT'S POST-HEARING MEMORANDUM IN OPPOSITION TO DEFENDANTS' POST-HEARING MEMORANDUMS**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Robert G. Tucker, Special Assistant United States Attorney, submits this response to Defendants' post hearing memorandums. ECF No. 65-67. Accordingly, the United States requests the Court deny the Defendants' motions.

## BACKGROUND

On July 6, 2026, the court held a motions hearing in this case where it heard argument over eight motions filed by the defendants. ECF No. 64. All parties elected to file post-hearing briefing. On July 22, 2026, the defendants filed post hearing memorandums in support of the following three motions: a motion to suppress (Frazier), a motion to suppress (Bamigboye), and a motion to dismiss (Frazier). ECF No. 65-67.

1

**RESPONSE TO FRAZIER'S MOTION TO SUPRESS**

In its post-hearing memorandum, the defense did not assert a new or novel argument in support of its motion to suppress. ECF No. 51. For that reason, the United States incorporates by reference its response to the motion to suppress. ECF No. 56. After law enforcement identified themselves, the defendant's own actions created probable cause for her arrest under both 18 U.S.C. § 111 and 18 U.S.C. §2(a). Law enforcement's conduct when arresting the defendant does not come close to violating that fundamental fairness mandated by the Due Process clause. *See United States v. Combs*, 827 F.3d 790, 794 (8th Cir. 2016) (citing *United States v. Russell*, 411 U.S. 423, 432 (1973). Accordingly, the defense's motion should be denied.

**A. Probable Cause Was Established The Moment The Defendant Aided Bamigboye's Attempt To Flee.**

Under 18 U.S.C. §111, it is unlawful if a defendant "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section § 1114 of this title while engaged in or on account of the performance of official duties." The operative word "or" is something that cannot be ignored. Probable cause for any one of the six actions in the statute is sufficient grounds for an arrest. Additionally, under 18 U.S.C. §2(a), "whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

The Eighth Circuit has long held a "warrantless arrest is consistent with the Fourth Amendment if it is supported by probable cause." *Borgman v. Kedley*, 646 F.3d 518, 522 (8th Cir. 2011). Probable cause to arrest exists "when the totality of the circumstances at the time of the arrest 'are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." *Gilmore v. City of Minneapolis*, 837 F.3d 827, 832 (8th Cir. 2016). Further the Supreme Court established that even in the cases of very minor criminal offenses, an officer with probable cause may make a warrantless arrest without violating the Fourth Amendment. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S. Ct. 1536, 1557, 149 L. Ed. 2d 549 (2001).

The argument of the Defendant crumbles in the face of the Defendant's own actions. Law enforcement had prior knowledge that Bamigboye had overstayed his student visa. After law enforcement had identified themselves and stated they wanted to speak with Bamigboye about his immigration status, Bamigboye jumped in the defendant's vehicle and told her to drive. The defendant of her own free will then got behind the wheel of her vehicle and attempted to flee with Bamigboye.

The totality of these circumstances makes probable cause clear. The defendant interfered with federal law enforcement officers conducting their official duties by attempting to transport Bamigboye away and ignoring

3

repeated commands to stop. The defendant aided Bamigboye's violation of 18 U.S.C. § 111 by driving him away from law enforcement in an attempt to flee. Accordingly, the motion to suppress must be denied.

**B. The Defense Failed To Meet Its Burden For A Claim Of Outrageous Government Conduct.**

### I.    Legal Standard

Dismissal of a criminal case based on alleged outrageous government conduct is an extraordinary remedy that applies only in the rarest of circumstances. *See United States v. Combs*, 827 F.3d 790, 794 (8th Cir. 2016) (*citing United States v. Russell*, 411 U.S. 423, 432 (1973) and *United States v. King*, 351 F.3d 859, 867 (8th Cir. 2003)).

Ultimately, to prove outrageous government conduct, the defendant must show 1) excessive government involvement in creating the crime; or 2) significant government coercion to induce the crime. *United States v. King*, 2021 WL 4505958 19-cr-257-WJM (D. Colorado 2021) (where the underlying charge was 18 U.S.C. § 111(a)(1), (b)).

The Eighth Circuit has emphasized that this doctrine is "reserved for conduct that falls within the narrow band of the most intolerable government conduct." *King*, 351 F.3d at 867 (cleaned up). Dismissal is appropriate only where law enforcement conduct violates "that fundamental fairness, shocking to the universal sense of justice, mandated by the Due Process Clause." *Combs*,

827 F.3d at 794 (citing Russell, 411 U.S. at 432). Because dismissal is such a drastic remedy, the defendant bears a heavy burden. *King*, 351 F.3d at 867.

"Where the court finds that the defendant is an active, willing participant in the criminal conduct that leads to his arrest, we will not find outrageous government conduct." *United States v. Asibor*, 109 F.3d 1023, 1039 (5th Cir. 1997). "Furthermore, in order to avail himself of the outrageous conduct defense, the defendant must show government overinvolvement combined with a passive role by the defendant." Id.

## II.   The Facts Of This Case Do Not Rise To The Level Of Outrageous Government Conduct.

As set forth in *King*, the burden for a claim of outrageous government conduct lies solely with the defense. Accordingly, there is no requirement for the government to present evidence or testimony that the conduct of law enforcement and the government was not outrageous. Rather, the defendant must show that had an entirely passive role and either that the government created the crime or the government engaged in significant coercion to induce the crime.

The facts of this case are of such nature as to wholly preclude a claim of outrageous government conduct based on both the conduct of the officers and the actions of the defendant. The defendant made the choice to get behind the wheel of her car. The defendant made the choice to aid in the flight of

Bamigboye. The defendant made the choice to continue to put the car in drive and flee with two agents still in her vehicle even as the agents tried to stop the car. The defendant's actions do not fall within that of a purely passive role as required by *Asibor*. *Asibor*, 109 F.3d at 1039. The conduct of the agents does not fall "within the narrow band of the most intolerable government conduct" as required by *King*. *King*, 351 F.3d at 867 (cleaned up). Further, the defense has failed to even argue that the government coerced or created the crime, which are the core elements in establishing a claim of outrageous government conduct. Therefore, the law demands this motion be denied.

## <u>RESPONSE TO MOTION TO DISMISS FOR FAILURE TO STATE AN OFFENSE</u>

In its post-hearing memorandum, the defense did not assert a new or novel argument in support of its motion to dismiss. ECF No. 54. For that reason, the United States incorporates by reference its response to the motion to Dismiss. ECF No. 56. Accordingly, the United States requests the motion be denied.

### A. Legal Standard

Under Fed. R. Crim. P. 7(c)(1), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Generally, an indictment need only track the statutory language. *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008). An indictment is

6

"legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which [s]he must defend and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution." *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993) (*citing United States v. Young*, 618 F.2d 1281, 1286 (8th Cir. 1980)). An indictment is sufficient "unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense" with which the defendant is charged. *Sewell*, 513 F.3d at 821 (8th Cir. 2008).

**B. The Indictment Tracks The Statutory Language And Fairly Informs The Defendant.**

The indictment in this case directly tracks the statutory language of 18 U.S.C. § 111 and 18 U.S.C. § 2(a). By tracking the statutory language, the indictment ensured it contains all the essential elements of the offense. The defense has not argued that any essential elements are missing.

The indictment was born out of a criminal complaint with a supporting affidavit. This was supplemented by the government's Bill of Particulars. ECF No. 63. A complete reading of 18 U.S.C. §111 reveals that a defendant can be charged with a felony violation based upon "physical contact with the victim of that assault or the intent to commit another felony." The facts in both the affidavit in support of the complaint and the Bill of Particulars clearly

establish the elements of 18 USC § 111 such that the defendant is fairly informed of the charge she must defend and can plead a conviction or acquittal.

Despite all these facts and clarity, the defense argues that the indictment fails to state an offense because it does not list the specific other felony the Defendant intended to commit. The defense has provided no authority supporting such a requirement. Instead, the defense points to the facts of the case. Arguing the merits of the case at this stage is in direct conflict with the Federal Rules of Criminal Procedure. Specifically, "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). In light of the lack of legal support, the clear sufficiency of the indictment, and the defendant's intent to argue the case on its merits, the government requests this motion be denied.

### RESPONSE TO BAMIGBOYE'S MOTION TO SUPPRESS

The memorandum in support of the motion to suppress expanded upon the original arguments of the defendant. For that reason, the government incorporates its original reply to the motion by reference. The agents approached the defendant with reasonable suspicion. After the agents identified themselves, the voluntary actions of the defendant created the

8

probable cause by which he was lawfully arrested. Therefore, the government requests the motion to suppress be denied.

## A. Relevant Facts

When agents saw the defendant in the parking lot and approached him the agents had already received information that the defendant had overstayed his visa and was in the country illegally. ECF No. 1. As the agents walked towards the defendant they displayed their credentials and identified themselves. *Id*. The agents told the defendant that they wanted to talk to him about his immigration status. *Id*. The defendant asked what type of law enforcement they were. *Id*. When the agents told the defendant they were HIS, the defendant jumped in the backseat of the car and yelled at Frazier to "Drive! Drive! Drive! Get in the car and drive!" *Id*.

## B. The Defendant's Actions Clearly Establish His Intent To Escape.

Under 8 U.S.C. § 1357(a), warrantless arrests are authorized when agents have probable cause to believe that a person is not lawfully present in the country and is likely to escape prior to an arrest warrant being obtained. The defense has argued that the requisite probable cause is not present for either aspect. However, an evaluation of the facts and the actions of the defendant show that pre-existing information and the defendant's choices created probable cause the moment he attempted to flee.

The agents in this case did not approach the defendant at random or stumble upon him. The agents were actively looking for the defendant and had pre-existing information about his identity and immigration status. That information gave the agents probable cause to believe the defendant was not lawfully present in the country. Therefore, if there is probable cause to believe that the defendant would escape before a warrant could be obtained, then an arrest would be lawful.

This is where the analysis turns to the actions of the defendant. The defendant didn't flee when he first saw the agents. He didn't flee when they were walking up to him and showing their credentials. The defendant tried flee after the agents revealed they wanted to talk about his immigration status. This type of deliberate action upon the approach of law enforcement is exactly what the Supreme Court, in *District of Columbia v. Wesby*, said can be considered in a totality of the circumstances analysis. The Supreme Court even went as far to say, "[U]nprovoked flight upon noticing the police," we have explained, "is certainly suggestive" of wrongdoing and can be treated as "suspicious behavior" that factors into the totality of the circumstances." *D.C. v. Wesby*, 583 U.S. 48, 59, 138 S. Ct. 577, 587, 199 L. Ed. 2d 453 (2018). So, when deciding whether the defendant was likely to escape before a warrant could be obtained, the agents are allowed to take into account the defendant's actions of resisting and attempting to flee.

10

The agents had probable cause to believe the defendant was in the country illegally from the pre-existing information they had. The actions of the defendant established probable cause to believe he would escape before a warrant could be obtained because he was actively trying to escape. So, the pre-existing information and the actions of the defendant established the probable cause required for both prongs of 8 U.S.C. § 1357 and the arrest was lawful. Accordingly, the Court should deny the motion to suppress

**[INTENTIONALLY LEFT BLANK]**

## CONCLUSION

The actions of the agents in arresting both defendants in this case were not outrageous. The agents relied on pre-existing information in their approach of Bamigboye. The actions of both defendants generated probable cause for the arrest of each. The agents conducted a lawful arrest based on probable cause of each defendant and took no action to coerce or conduct the criminal activity of the defendants. The indictment charging Frazier tracks the statutory language and, when taken in light of the affidavit bill of particulars, fairly informs the defendants of the charge against which they must defend.

11

Therefore, the government requests the Court deny the motions of the defendants.

Dated: August 5, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/Robert G. Tucker III*

BY: ROBERT G. TUCKER, III
Special Assistant U.S. Attorney
Bar # 24136128TX
300 South 4th Street
6th Floor
Minneapolis, MN 55415
202-230-4022
Email: robert.tucker@usdoj.gov