UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Oluwadamilola Bamigboye,

Defendant.

Court File No. 25-cr-477 (LMP/JFD)

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM**

Oluwadamilola Bamigboye ("Defendant") has previously moved the Court to suppress all evidence adduced during and after his seizure on December 10, 2025, by HSI agents pursuant to the Fourth, Fifth, and Sixth Amendments. *See* ECF 53. In its responsive Order and Report and Recommendation, the Court recommended Defendant's Motion to Suppress be granted in full. *See* ECF 71 at 16. It further directed the parties to provide supplemental briefing on the question of whether additional evidence exists that is also subject to suppression, and specifically whether the observations of Mr. Bamigboye's behavior at time of arrest must also be suppressed. *Id.* at 13-14.

Because the only evidence against Mr. Bamigboye stems from agent testimony procured during the course of the illegal seizure, exclusion is appropriate consistent with the Court's Report and Recommendation.

## ARGUMENT

### I. OBSERVATIONS OF MR. BAMIGBOYE AT THE TIME OF THE ARREST MUST BE SUPPRESSED.

#### A. Observations occurred during a Fourth Amendment seizure of Mr. Bamigboye.

Agent observations of Mr. Bamigboye must be suppressed because they occurred incident to an invalid seizure. Under the Fourth Amendment, a person is seized "'when, by means of physical force or a show of authority, his freedom of movement is restrained,' or, put another way, if 'in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'" *Hussen v. Noem,* 822 F. Supp. 3d 944, 987 (D. Minn. 2026) (quoting *United States v. Mendenhall*, 446 U.S. 544, 553-54 (1980)). An arrest is a "seizure" for Fourth Amendment purposes. *Torres v. Madrid*, 592 U.S. 306, 312 (2021). "A warrantless arrest violates the Fourth Amendment unless it is supported by probable cause." *Webster v. Westlake*, 41 F.4th 1004, 1010 (8th Cir. 2022).

The Court concluded that agents seized Mr. Bamigboye for Fourth Amendment purposes on December 10, 2025. As the record shows, Mr. Bamigboye's arrest occurred without a warrant. Because, as the Court determined, agents lacked probable cause that Mr. Bamigboye had violated any immigration regulation or criminal statute, this warrantless arrest was unlawful under the Fourth Amendment. ECF 71 at 12.

#### B. Exclusion is appropriate because the observations occurred during the course of an unlawful seizure.

Because the observations that form the basis of the charges occurred during the course of an unconstitutional seizure, exclusion is appropriate. "[T]he exclusionary rule is

a prudential doctrine created by [the Supreme] Court to compel respect for the rights the Fourth Amendment protects" and to deter future Fourth Amendment violations. *United States v. Handley*, 186 F.4th 563, 569 (8th Cir. 2026) (internal citations omitted); *see Davis v. United States*, 564 U.S. 229, 236-237 (2011) ("The rule's sole purpose, we have repeatedly held, is to deter future Fourth Amendment violations."). The exclusionary rule applies to any "fruits of a constitutional violation—whether such evidence be tangible, physical material actually seized in an illegal search, items observed or words overheard *in the course* of unlawful activity, or confessions or statements of the accused obtained *during* an illegal arrest and detention." *United States v. Crews*, 445 U.S. 463, 470 (1980) (cleaned up) (emphasis added).

The exclusionary rule's deterrent purpose makes suppression especially appropriate in this case. Since the outset of Operation Metro Surge, federal immigration agents have engaged in a pattern of Fourth Amendment violations. *See Hussen v. Noem*, 822 F. Supp. 3d 944, 994 (D. Minn. 2026) (finding that the government authorized a policy of unconstitutional immigration stops by federal agents). Application of the exclusionary rule here, to deter future unlawful seizures by federal immigration agents, harmonizes with the rule's foundational purpose.

Finally, there are no other observations about Defendant's behavior at the time of Defendant's arrest besides agent testimony. While parking lot surveillance footage captured some of the incident, this video cannot be authenticated without witness testimony, which the government has not proffered and could not offer at trial given the Court's ruling on Mr. Bamigboye's suppression motion. Even if authenticated, the footage

should be suppressed as evidence obtained incident to an invalid seizure.[1] For the reasons described above, the Court should exclude agents' observation of Mr. Bamigboye's behavior at the time of the arrest, consistent with its September 1, 2026 Report and Recommendation.

## CONCLUSION

For the above-stated reasons, the Court should suppress all evidence adduced during and after the unlawful seizure of Mr. Bamigboye on December 10, 2025.

Respectfully submitted,

DATED: September 29, 2026

*/s/ Kevin C. Riach*
Kevin C. Riach, #389277
125 Main St. SE, Suite 339
Minneapolis, MN 55412
Telephone: 612.203.8555
kevin@riachdefense.com

**ATTORNEY FOR DEFENDANT**

[1] In any event, the parking lot video footage does not support the charges against Mr. Bamigboye.